*Hopper,* 177 F.3d 824, 833 (9th Cir.1999) (citing *United States v. Restrepo,* 946 F.2d 654, 659 (9th Cir.1991) (en banc)). Because Perrin failed to object to the district court's application of the preponderance standard, we review for plain error. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

Here, Perrin argues that his sentence should only have been enhanced by eight levels for loss and not at all for the violation of a court order, as compared to the actual eleven and two levels that were imposed, what he claims is a disproportionate total difference of five levels. *See id.* at 928 (including "whether the increase in the number of offense levels is less than or equal to four" as a factor in determining disproportionality).

Sentence enhancements can be aggregated for this purpose. *See id.* Here, however, as discussed above, the additional three levels applied for total loss is clearly not in plain error, so the remaining two-level enhancement does not represent the extremely disproportionate situation addressed in the case law. *See id.*

Additionally, though it is close, the maximum sentence on the aggregated five-level enhancement here is not more than doubled (from 33 to 57 months), and the enhancements all regard activities that were charged within the conspiracy. *See id.* (including "whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range" and "whether the increase ... is based on the extent of a conspiracy" as factors for determining disproportionality (internal quotation marks and alterations omitted)). This simply is not the totality of circumstances our circuit contemplated in estab-

lishing a higher evidentiary standard for certain sentencing enhancements.

## CONCLUSION

For the foregoing reasons, the convictions and sentences of all four co-defendants in this appeal are **AFFIRMED**.

**Gurdeep SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72447.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2004.*

Decided Feb. 19, 2004.

Ashwani K. Bhakhri, Esq., Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Robbin K. Blaya, Esq., DOJ—U.S. De-

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

partment of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, HAWKINS, and BYBEE, Circuit Judges.

### ORDER **

The order submitting this case is vacated. The petition for review is dismissed as moot.

**Claude COX, husband; Linda Cox, wife, Plaintiffs—Appellees,**

v.

**Francine M. BOXER, in her individual capacity; Marshall Farnell, in his individual capacity; Spokane County, a municipal corporation, Defendants—Appellants.**

No. 00–35887.
D.C. No. CV–99–00075–JLQ.

United States Court of Appeals,
Ninth Circuit.

Feb. 20, 2004.

Paul J. Burns, Esq., Spokane, WA, for Plaintiffs–Appellees.

Thomas F. Kingen, Esq., Edward G. Johnson, Esq., Perkins Coie, LLP, Spokane, WA, Mary P. Gaston, Esq., Perkins Coie LLP, Seattle, WA, for Defendants–Appellants.

** This disposition is not appropriate for publication and may not be cited to or by the

Before HALL, TASHIMA and RAWLINSON, Circuit Judges.

### ORDER WITHDRAWING MEMORANDUM DISPOSITION AND DENYING PFR AND PFREB

The Memorandum Disposition filed on August 8, 2002, is withdrawn. An opinion will be filed.

A majority of the panel has voted to deny the petition for panel rehearing. Judges Tashima and Rawlinson voted to deny the petition for rehearing en banc, and Judge Hall recommended granting the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote.

The petition for rehearing and petition for rehearing en banc filed on September 16, 2002 is denied.

No additional petitions for rehearing may be filed in this case.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Daniel Alberto RUEDA–NARANJO, aka Daniel Rueda, Daniel Alberto Naranjo, Defendant—Appellant.**

No. 03–10343.
D.C. No. CR–02–05452–REC.

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.